SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| THE ALEXANDER CONDOMINIUM, | Index No.: |
| Plaintiff, | Plaintiff designates New York County as the |
| -against- | place of trial. |
| ADMIRAL INDEMNITY COMPANY, | The basis of venue is Plaintiff's residence: |
| Defendant. | 250 East 49th Street New York, NY 10017 |

------------------------------------------------------------------------X

To the above-named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 1, 2022

Yours, etc.

LERNER, ARNOLD & WINSTON, LLP
Attorneys for Plaintiff

By__*/s/ Amanda Peterson*_____
       Amanda Peterson, Esq.
286 Fifth Avenue, 12th Floor
New York, New York 10001
(212) 686-4655
apeterson@lawpartnersllp.com

Defendant's address:

Admiral Indemnity Company
c/o New York State Department of
Financial Services

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
THE ALEXANDER CONDOMINIUM,                              Index No.:

                 Plaintiff,                        **COMPLAINT**

  -against-

ADMIRAL INDEMNITY COMPANY,

                 Defendant.
-----------------------------------------------------------------------X

      Plaintiff, THE ALEXANDER CONDOMINIUM, by its attorneys, LERNER, ARNOLD & WINSTON, LLP, as and for its Complaint, alleges upon information and belief as follows:

      1.    At all times hereinafter mentioned, Plaintiff THE ALEXANDER CONDOMINIUM (hereinafter referred to as "Plaintiff") was and still is a domestic condominium association, organized and existing under and by virtue of the laws of the State of New York, and a resident and citizen of the State of New York.

      2.    At all times hereinafter mentioned, Defendant ADMIRAL INDEMNITY COMPANY (hereinafter referred to as "Defendant") was and still is a foreign business corporation, organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business located in the State of New Jersey.

      3.    At all times hereinafter mentioned, the Defendant was and still is a licensed insurance carrier regularly conducting business within the State of New York.

      4.    At all times hereinafter mentioned, the Defendant is subject to the jurisdiction of this Court.

      5.    At all times hereinafter mentioned, the Defendant was authorized by the New York Department of Financial Services and the Superintendent of Insurance to issue policies of

1

insurance within the State of New York, including the policy of insurance issued to the above-named Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract)**

6. Heretofore and prior to August 4, 2020, Defendant issued to Plaintiff a policy of insurance bearing number 21-21664431 (hereinafter referred to as "the Policy"), which insured Plaintiff's interest in the premises located at 250 E. 49th Street, New York, New York 10017 (hereinafter "the Subject Premises") against all risks of loss, with the exception of those excluded or otherwise limited.

7. The Plaintiff is a named insured within the Policy.

8. The Subject Premises is a covered property within the Policy.

9. The Policy was in full force and effect on August 4, 2020.

10. At all relevant times, Plaintiff maintained an insurable interest in the Subject Premises.

11. On August 4, 2020, while the Policy was in full force and effect, the Subject Premises was damaged by a covered peril, not otherwise excluded or limited (hereinafter "the Loss").

12. As a result of the Loss, Plaintiff timely submitted a claim to Defendant seeking to be indemnified under the Policy for the damages sustained to the Subject Premises (hereinafter "the Claim").

13. Plaintiff has complied with all conditions precedent to payment under the Policy.

14. Notwithstanding the fact that Plaintiff has satisfied all conditions precedent and subsequent pursuant to the terms of the Policy, Defendant has denied the Claim and refused to

2

issue further payments to Plaintiff for the cost to repair the damages sustained to the Subject Premises as a result of the Loss.

15. Defendant's failure to fully indemnify Plaintiff for the damages sustained as a result of the Loss in response to the Claim, although duly demanded, constitutes a breach of contract.

16. As a result of the Defendant's breach of contract, Plaintiff has been damaged in an amount to be determined at trial but exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendant on its First Cause of Action for Breach of Contract in an amount to be determined at trial but exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, with interest thereon from August 4, 2020, together with the costs and disbursements of this action, including reasonable attorney's fees.

Dated: New York, New York
       September 1, 2022

    Yours, etc.

    LERNER, ARNOLD & WINSTON, LLP
    Attorneys for the Plaintiff

    By: __/s/Amanda Peterson_____
        Amanda Peterson, Esq.
    286 Fifth Avenue, 12th Floor
    New York, New York 10001
    (212) 686-4655
    apeterson@lawpartnersllp.com